IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-6005-CR-SJ-NKL |
| | ) | |
| WALTER SEWELL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

Pending before me are four outstanding motions. The Government's Motion in Limine to Exclude the Defendant's Expert (Doc. 56) is granted. The Government's Motion in Limine to Exclude Improper Character Evidence (Doc. 73) is also granted. Defendant shall not be allowed to introduce testimony about Defendant being a good pharmacist, a good man, or a good church member. The Government's Motion for an Order Regulating Discovery (Doc. 80) is denied as moot because the Defendant produced his expert report, albeit late.

On November 30, 2005 the Government filed the final motion which is a request for an Order on the Admissibility of Evidence Pursuant to Rule 104 (Doc. 84). In it the Government seeks authorization to publish at trial the images which were found on the Defendant's computer. I have tried to get the parties to find a consensual resolution of this dispute, but each is adamant that no stipulation can be reached on the matter. By the Government's own admission, there are

hundreds of images of child pornography located on the Defendant's computer. [1]

In support of their Motion, the Government relies primarily on *U.S. v. Becht*, 267 F3d 767 (8th Cir. 2001). In that case, the Eighth Circuit held that a trial judge did not abuse his discretion when he permitted the Government to publish thirty-nine images of child pornography over the objection of the defendant, even if there was a stipulation that the images constituted child pornography.

*Becht*, however, does not state that a judge must publish child pornography to a jury at the request of the Government. It says the court in that case did not abuse its discretion when it allowed the Government to publish the images. More importantly, the facts in this case are distinguishable from *Becht*. I have permitted the government to introduce the computer images into evidence along with their file names, which in most case are graphic, and would not permit any reasonable person to classify them as a "close case" of child pornography as alluded to in the *Becht* case. See pg 774. The Court will also permit the Government to introduce the "field" associated with the files. These fields contain references to "pedo" and there will be evidence that this term is used by child pornographers to identify files with child pornography. In addition, I will permit the Government's witness to read a description of each picture, eliminating any reasonable possibility that the jury will be confused about the contents of the picture. Because the pictures will be admitted in evidence, the jury can request a copy of the picture if, after hearing all the evidence and receiving the instructions, they determine that they

---

[1] The government was willing to limit the number of images actually published to about 70 if the Defendant was willing to stipulate that the images were of child pornography. Absent a stipulation, they have not limited the number of pictures which they intend to publish to the jury. The Defendant has refused to stipulate to anything if the 70 pictures are shown to the jury, but would agree to several stipulations if the pictures are not seen by the jury. Attempts to narrow the dispute have been largely unsuccessful.

want or need to see the picture to render a verdict.

In *Becht*, the Eighth Circuit said that "[Rule 403] demands not only a comparison of the probative value and prejudicial effect of the disputed evidence, but of the relative probative value and prejudicial effect of any evidentiary alternatives as well. If an evidentiary alternative has equal or greater probative value and poses a lower risk of unfair prejudice, the trial court should 'discount' the probative value of the disputed evidence and exclude it if the risk of unfair prejudice substantially outweighs its discounted probative value." Id at 773. I have considered these factors and concluded that my alternative will properly balance the competing interests raised by the Government's request.

In this case, I have provided the Government with a substantial and meaningful alternative to publishing the pictures because the real dispute in this case is not about whether the pictures depict child pornography or whether the defendant knew that they depicted child pornography. The primary dispute in this case, based on my current understanding of the evidence, relates to the operation of the Kazaa program which was on the Defendant's computer and used by him to download child pornography and make his child pornography files accessible to third parties using the Kazaa program. The Kazaa program permits direct access to files on other people's computers without going to a managed internet site.

When arrested, the Defendant confessed that his computer at work and at home contained child pornography and he had downloaded "a lot" of child pornography in the past. He admitted that he had placed child pornography in his shared file which was part of the Kazaa program and that he knew that others could access those images directly using the Kazaa program. He admitted that he used search phrases such as teen, pedo, incest, and lolita, as well as many other sex related terms, to locate images to be downloaded using the Kazaa program. In addition,

there is substantial evidence about how the search fields of Kazaa operate, including the one named pedo which is used by child pornographers to identify illegal material. There is also evidence that the Kazaa program will let you download more files if you put more files in the shared file folder, thereby permiting others to access them. The Defendant has admitted that he understood that function of the Kazaa program.

It appears that Defendant is contending that putting his child pornography in the shared Kazaa file is not causing or attempting to cause a notice of child pornography to be distributed. Similarly, when third parties download the files, Defendant appears to be arguing that he has not thereby knowingly distributed child pornography to them; nor has he attempted to distribute child pornography to them. [2] In other words, once the Defendant put the pictures in the shared folder, even though he knew how the program worked, he did not intend or know that a notice would occur or a distribution would occur. Thus the real dispute in this case is about how the program operated and the inferences to be reasonably drawn from the Defendant's own admissions that he knew how the program worked, and what he admittedly did. The Government has not articulated how showing the pictures to the jury would substantially advance this aspect of their case or why the alternative provided would be an inferior method of proof given the focus of the dispute.

Moreover, I believe it is the obligation of a trial judge to protect a jury, to the extent

---

[2]The Counts in the Indictment related to Notice and Distribution of child pornography carry a 15 year mandatory minimum sentence which appears to be substantially above the guideline range. These sentencing issues also explain why the focus is more on the manner in which the Kazaa files worked and whether the Defendant intended to publish a notice of or distribute and receive child pornography when he set his computer to permit file sharing.

possible.[3] I also believe that it would be perverse to outlaw images of child pornography in order to protect children and then show their degrading images in public, even briefly, when there is a meaningful alternative available. Not only are the children spared further harm, the jury is not exposed, unnecessarily, to images that will not likely be forgotten. Having been raised during the 1950's, I am not yet willing to succumb to the coarsening of our culture, when a modest limitation will preserve the dignity of the courtroom.

Finally, I have told the parties that if things change during the trial, my order is interlocutory and can be revisited. It is always difficult to prejudge an evidentiary issue. It is only at trial that each party cogently reveals their litigation strategy and only then can these matters be placed in context. Given my current understanding of the disputed issues and the strength of the Government's case, I will not permit the Government to publish images of real children being abused, but I will permit the Government to verbally describe them and I will permit the graphic description of the files to be shown to the jury and I will permit the jury to see the pictures if they request them during deliberations.

Dated: December 2, 2005      s/ NANETTE LAUGHREY
NANETTE LAUGHREY
United States District Judge

---

[3] In *Becht,* the trial judge notified the jury during voir dire about the graphic images and struck jurors who indicated that they could not be fair to the defendant. The Eighth Circuit indicated that this was a way to prevent prejudice to the defendant. While prejudice to the defendant is an important consideration, it is not the only one.